NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000885
28-JUN-2018
07:52 AM**

NO. CAAP-15-0000885

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CARLTON LOO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-15-018682)

MEMORANDUM OPINION
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

After a bench trial, Defendant-Appellant Carlton Loo was convicted of driving without a license, in violation of Hawaii Revised Statutes ("HRS") section 286-102 (2007).[1] The District Court of the First Circuit ("District Court")[2] entered its Notice of Entry of Judgment and/or Order and Plea/Judgment on October 21, 2015 ("Judgment").

On appeal, Loo contends that: (1) the District Court erred in admitting a Division of Motor Vehicle ("DMV") printout

---

[1] At the time relevant to this case, HRS section 286-102 provided, in pertinent part:

(a) No person, except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236, shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

Haw. Rev. Stat. § 286-102(a).

[2] The Honorable Michael A. Marr presided.

because using a declaration by a DMV custodian of records to lay the foundation for admission of the DMV printout violated Loo's right to confrontation; and (2) there was insufficient evidence to support his conviction. As explained below, we affirm.

BACKGROUND

On January 8, 2015, Honolulu Police Department Officer Milo Kalama stopped a white four-door Jetta after observing it make a prohibited turn on a red light. Officer Kalama approached the vehicle and asked the driver for his driver's license, registration, and proof of insurance. The driver provided Officer Kalama with the automobile registration and proof of insurance, but did not provide a driver's license. Officer Kalama testified, "I asked [the driver] where his driver's license was, and he said he didn't have one."

Officer Kalama obtained personal identifying information from the driver. The date of birth and last four digits of the social security number provided by the driver matched Loo's date of birth and social security number Officer Kalama received from dispatch. At trial, Officer Kalama identified Loo as the driver of the vehicle.

Over Loo's objection, the District Court admitted into evidence State's Exhibit 1, a one-page document entitled "Driver's License Root Maintenance" ("DMV printout"). The foundation for the admission of the DMV printout was a printed declaration that was signed by Jacqueline Windrath as "legal Custodian of Records" for the Driver License Branch, Division of Motor Vehicle, Licensing and Permits. Windrath's declaration stated:

> The undersigned legal Custodian of Records does hereby certify under seal and attest that the representations herein are correct and the record to which the seal is affixed is a correct and complete copy of the official public record in the custody of the Driver License Branch, Division of Motor Vehicle, Licensing and Permits, Department of Customer Services, City & County of Honolulu, a public agency of the City & County of Honolulu. I am familiar with the record-keeping system of this agency. This official public record sets forth the activities of this agency that are authorized by law to be recorded.

Loo testified in his own defense at trial. Loo denied that he was the driver of the vehicle pulled over by Officer Kalama on January 8, 2015. Loo's theory of defense was that it was not him, but his brother, who was driving the car that was pulled over by Officer Kalama. Loo testified that his brother told Loo that the brother was stopped by a police officer, did not have identification, and misrepresented his identity by using Loo's name and giving the officer Loo's personal information. Loo stated that he and his brother resemble each other and that the brother knew Loo's personal information, including Loo's social security number, date of birth, and address.

On cross-examination, Loo was asked, "Do you have a driver's license?" Loo responded, "Uh, no, I don't."

The District Court found Loo guilty as charged of driving without a license.

DISCUSSION

We first consider Loo's second point of error where he contends that there was insufficient evidence to support his conviction because Plaintiff-Appellee State of Hawai'i ("State") failed to present substantial evidence that: (1) he was not duly licensed as a qualified driver on January 8, 2015, the date of the alleged offense; and (2) he did not fall within the statutory exceptions to the licensing requirement. We disagree.

A.

Loo argues that even if the DMV printout was admissible, its meaning could not be deciphered by the District Court without additional evidence to interpret the entries (which include what appear to be codes or abbreviations). Loo therefore argues that the DMV printout was insufficient to establish that he was not duly licensed as a qualified driver on January 8, 2015. He further contends that while the trial evidence may have been sufficient to show that he did not have a driver's license in his possession when he was allegedly stopped by Officer Kalama on January 8, 2015, it was insufficient to show that he was not duly licensed on that date.

The State concedes that the meaning of the DVM printout with respect to whether Loo was duly licensed was not established by the evidence presented at trial. Therefore, we need not address the confrontation claims raised in Loo's first point of error because both parties agree that, given the record in this case, the DMV printout does not establish whether Loo was duly licensed on the date of the alleged offense. However, the State argues that without considering the DVM printout, there was sufficient evidence to show that Loo was not duly licensed on the date of the charged offense. We agree.

At trial, Officer Kalama identified Loo as the driver of the vehicle that Officer Kalama stopped on January 8, 2015. The State presented evidence that in response to Officer Kalama's question of *where* Loo's driver's license was, Loo stated that he did not have a driver's license. If Loo had a driver's license which merely was not in his possession at the time of the stop, one would expect him to respond to the question of where his driver's license was by identifying the location of his license, or indicating that he had a license but did not know where it was. Therefore, a fair inference from Loo's response that he did not have a driver's license was that Loo was not duly licensed at that time. In addition, Loo's defense at trial was mistaken identity -- that Officer Kalama had stopped Loo's brother who lied and gave Officer Kalama Loo's personal information -- and not that Loo was duly licensed, but did not have his license with him at the time of the stop. Indeed, at trial, when asked "Do you have a driver's license?" on cross-examination, Loo responded, "[N]o, I don't."

Viewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence for the District Court to find that Loo was not duly licensed as a qualified driver on the date of the charged offense.

B.

Loo further contends that the State was required to prove as part of its prima facie case that Loo did not fall within the statutory exceptions to the licensing requirement

4

described in HRS section 286-102(a). In effect, Loo contends that the statutory exceptions are essential elements that the State has the burden of negating in every prosecution for driving without a license. In support of his argument, Loo cites this court's opinion in *State v. Matautia*, 81 Hawaiʻi 76, 83, 912 P.2d 573, 580 (App. 1996). However, we recently overruled the language in *Matautia* on which Loo relies in *State v. Castillon*, 140 Hawaiʻi 242, 244-47, 398 P.3d 831, 833-36 (App. 2017), *cert. granted*, No. SCWC-16-0000421, 2017 WL 5899258 (Haw. Nov. 29, 2017). In *Castillon*, we held that the "statutory exceptions referred to in HRS § 286-102(a) are not elements of the [driving without a license] offense, but constitute defenses to the offense." *Id.* at 247, 398 P.3d at 836. Here, Loo did not offer any evidence that he qualified for any of the statutory exceptions, and therefore, the burden never shifted to the State to disprove the exceptions. *Id.* Based on *Castillon*, we reject Loo's claim that the evidence was insufficient because the State failed to offer proof that he did not fall within the statutory exceptions.

CONCLUSION

For the foregoing reasons, we affirm the District Court's Judgment entered on October 21, 2015.

DATED: Honolulu, Hawaiʻi, June 28, 2018.

On the briefs:

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Public Defender,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge